UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:00-CR-71-01 |
| | ) | |
| JOHNATHAN LYTLE | ) | |

**O R D E R**

This supervised release revocation matter came before the Court on December 4, 2009, for a hearing in regard to whether or not the defendant has violated the conditions of his second term of supervised release, and therefore, should his term of supervised release be revoked.

On March 18, 2002, the government's motion for downward departure was granted, and the defendant was sentenced to eighty-four (84) months of imprisonment to be followed by four (4) years of supervised release. Without a motion for downward departure, the defendant was subject to a guideline range of 151 to 188 months imprisonment and a mandatory minimum term of supervised release of ten (10) years.

On November 27, 2006, his four (4) year term of supervised release

began. A petition for revocation of his supervised release was filed on January 15, 2008, he absconded, and on March 18, 2008, he taken into custody by the U.S. Marshal and detained. On October 14, 2008, his first term of supervised release was revoked and he was sentenced to served eighteen (18) months of incarceration to be followed by ten (10) years of supervised release. As a special condition of his supervision, he was to complete twelve (12) months at Midway Sanction Center. His second term of supervised release began on July 7, 2009.

At his revocation hearing on December 4, 2009, the defendant stipulated and pled guilty to the following violation:

| **Violation Number** | **Nature of Noncompliance** |
|---|---|
| 1 | **Special Condition No. 1:** The defendant shall serve twelve (12) months at Midway Sanction Center as a condition of supervision and abide by the rules and restrictions of that facility. |

After his admission to Midway on July 7, 2009, the defendant was discharged from Midway on October 29, 2009, for the following:

1. Failing to attempt assigned work details.
2. Lying to the staff.
3. Failing to properly pay subsistence.
4. Two cell possession infractions.

Therefore, the Court FINDS the defendant guilty of Violation Number 1. It was not contested that the defendant's violation guideline range is now five

(5) months to eleven (11) months; however, the defendant is subject to a maximum sentence of forty-two months (42) months imprisonment under 18 U.S.C. § 3583(e)(3). The government and the defendant have agreed that a sentence of nineteen (19) months to be followed by no additional term of supervised release is appropriate in this case.

The Court has carefully considered the policy statements of Chapter 7 of the United States Sentencing Commission Guidelines which reflect a revocation range of five (5) to eleven (11) months. Because the policy statements of Chapter 7 of the U.S.S.G. are policy statements and not guidelines, and although the Court must consider these policy statements, the Court is not bound by them. *United States v. West*, 59 F.3d 32 (6th Cir. 1995). Considering all the factors delineated in 18 U.S.C. § 3553(a), in particular the history of defendant's prior violations, and his history and characteristics, the Court finds that a sentence under 18 U.S.C. § 3583(e)(3) is justified.

Therefore, the Court **FINDS** that the defendant has violated the terms of his supervised release, and his supervised release is **REVOKED**. Accordingly, it is hereby **ORDERED** that the defendant is sentenced to serve a term of nineteen (19) months of incarceration which will not be followed by any additional term of supervised release.

It is hereby **RECOMMENDED** as follows:

1. That the defendant receive credit for time served since November 2, 2009;

2. That the defendant be designated to a federal facility as close to Greeneville , Tennessee as possible.

The defendant is **REMANDED** to the custody of the United States Marshal.

**ENTER:**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
